**KLEIER ADVERTISING CO., INC., Plaintiff,**

v.

**JAMES MILLER CHEVROLET, INC., et al., Defendants.**

No. 88 C 7533.

United States District Court,
N.D. Illinois, E.D.

Sept. 6, 1989.

Jack A. Wheat, Douglas W. Becker, Roach, Becker & Wheat, Louisville, Ky., Angelo J. Bufalino, C. Michael Kendall, Lockwood, Alex, Fitzgibbon & Cummings, Chicago, Ill., for plaintiff.

Michelle C. Burke, McDermott, Will & Emery, David Cerven, Burke, Murphy, Costanza & Cuppy, Gary Costow, Suanne P. Hirschhaut, Joseph M. Vanek, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Plaintiff Kleier Advertising Co., Inc. (Kleier) filed this action alleging copyright infringement, in violation of the 1976 Copyright Act (Act), 17 U.S.C. § 101, *et seq.* Defendants having conceded liability respecting copyright infringement, the only issues remaining before this court pertain to the nature of damages available to plaintiff as a result of that infringement. We have before us Kleier's motion *in limine.* For the following reasons, that motion is granted.

### FACTS

Plaintiff, an advertising agency, licenses the creative advertising materials it designs and copyrights. Defendant James Miller Chevrolet, Inc. (Miller Chevrolet) sells automobiles, and defendant Whiteco Metrocom, Inc. (Whiteco) leases billboard space to advertisers.

Kleier charges Miller Chevrolet with using copyrighted material created by Kleier, without license. Kleier also joins defendant Whiteco, alleging it rented billboard space enabling the display of the advertised materials. Both defendants have conceded liability but the parties disagree over the amount of damages.

### DISCUSSION

I. *Remedies for Copyright Infringement*

The law respecting copyright infringement has undergone substantial change since the passage of the 1976 Act. Prior to its adoption, courts were divided as to whether copyright owners could recover either the greater of damages or profits, or both. This disagreement was rooted in the conflict between the statutory language of the 1909 Act, 61 Stat. 652, § 101(b) (revised 1976), which appeared to contemplate a cumulative recovery, and the legislative history of the 1909 Act, which indicated that Congress envisioned an alternative recovery. *See, e.g., Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.,* 562 F.2d 1157 (9th Cir.1977). Those courts that awarded copyright owners both

damages and profits usually did so on the basis of statutory language stating that an infringer is liable for

such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement.

61 Stat. 652, § 101(b) (revised 1976). In contrast, those courts awarding copyright owners only the greater of damages or profits usually did so with the understanding that Congress envisioned the two types as alternative forms of recovery. *Sid & Marty Krofft, supra* at 1175–76.

The 1976 Act resolved this conflict among courts. Under the Act a

copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, *and* any profits of the infringer that are attributable to the infringement *and are not taken into account in computing the actual damages.*

17 U.S.C.A. § 504(b) (emphasis added). According to H.R.Rep. No. 1476, 94th Cong., 2d Sess. 161, the 1976 Act was passed in order to reimburse copyright owners for losses, *and* to disgorge infringers of any benefit derived from their infringement:

In allowing the plaintiff to recover "the actual damages suffered by him or her as a result of the infringement," plus any of the infringer's profits "that are attributable to the infringement and are not taken into account in computing the actual damages," section 504(b) recognizes the different purposes served by awards of damages and profits. Damages are awards to compensate the copyright owner for losses from the infringement, and profits are awarded to prevent the infringer from unfairly benefiting from a wrongful act.

H.R.Rep. No. 1476, 94th Cong., 2d Sess. 161, *reprinted in* 1976 U.S.Code Cong. & Admin.News 5777. Those two distinct interests—compensation and the denial of unjust enrichment—are therefore separably furthered by the Act.

The language of this Act, and its legislative history, together make clear that Congress intended for copyright owners to recover both damages *and* profits from an infringer, but only where the profits of the infringer were not taken into account in computing the actual damages. This proviso has been echoed in much of the subsequent case law. For example, the Seventh Circuit in *Taylor v. Meirick,* 712 F.2d 1112 (7th Cir.1983), noted that the new Act provides for recovery of both damages and profits so long as the profits "are not taken into account in computing the actual damages." *Id.* at 1120. However, because the plaintiff's losses there at issue merely reflected the defendant's gains, the court limited the plaintiff's recovery to the greater of those items. *Id.* Similarly, in *Deltak, Inc. v. Advanced Systems, Inc.,* 767 F.2d 357 (7th Cir.1985), the court restated the general rule that copyright owners are entitled to recover both damages and profits so long as the profits "are not taken into account in computing the actual damages." *Id.* at 359. Like *Taylor,* however, the *Deltak* court limited the plaintiff's recovery to the greater of damages or profits because the plaintiff's losses correlated to the defendants' gains. *Id.* at 363.

The Supreme Court implicitly addressed the issue in *Harper & Row Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985), holding that the trial court properly awarded actual damages and accounting profits to the plaintiff there alleging copyright infringement. And the Ninth and Second Circuits have similarly held. *See JBJ Fabrics, Inc. v. Mark Industries, Inc.,* 5 U.S.P. Q.2d 1414, 1987 WL 47381 (C.D.Cal.1987) (noting it is no longer "the law of this Circuit that a copyright owner [can] either recover its damages or infringer's profits, but not both," because Congress has amended the copyright law to provide for the recovery of both damages and profits). *See also Abeshouse v. Ultragraphics, Inc.,* 754 F.2d 467 (2d Cir.1985) (analyzing the recoverability of damages and profits under the 1976 Act).

Defendants here would have this court believe that the 1976 Act changed nothing and that therefore copyright holders can-

not recover both profits and damages. In support of their contention, defendants cite *Sid & Marty Krofft, supra,* and *Taylor, supra.* As this court has noted, however, the 1909 Act relied upon in *Sid & Marty Krofft* is no longer good law. *See JBJ Fabrics,* 5 U.S.P.Q.2d at 1417.

Furthermore, defendants misanalyze *Taylor.* Although the facts therein led the court to restrict recovery to the greater of damages *or* profits, *Taylor* does not hold that copyright owners must always choose one or the other. Rather, *Taylor* stands for the now familiar proposition that a copyright owner can recover damages *and* profits when the profits of the infringer are not taken into account in assessing damages. 712 F.2d at 1120. Thus, although there are situations under the new Act where a plaintiff can recover only the greater of damages or profits, the Act in no way requires a choice between the two. Only in those cases where a copyright owner has suffered damages already reflected in the infringer's profits does § 504(b) require a choice between damages and profits. H.R.Rep. No. 1476, 94th Cong., 2d Sess. 161, *reprinted in* 1976 U.S.Code Cong. & Admin.News 5777.

In this action Kleier seeks to recover both the lost licensing fees that should have been paid to obtain its copyrighted work and also defendants' profits. As previously stated, § 504(b) provides for recovery of both damages and profits so long as the profits of the infringer are not taken into account in assessing damages. Here we derive the profits to which Kleier is entitled by adding each defendant's illegal sales attributable to the infringement. The licensing fees each defendant avoided constitute damages—the other component assessed by the 1976 Act. Because license fees represent saved acquisition costs and are distinct from the profits attributable to the infringement (although "profits" should necessarily reflect the cost of the license defendants should have paid and now must pay), this court requires defendant Miller Chevrolet to pay Kleier a sum to include both the damages Kleier lost from licensing and also the profits Miller Chevrolet earned as a result of the infringement. As to defendant Whiteco, this court holds that it is jointly liable with Miller Chevrolet for the avoided license fees, but responsible only for its own profits attributable to the infringement. *See, e.g., Abeshouse,* 754 F.2d at 472 (holding co-infringers liable for the actual damages suffered by copyright holders, but not for the illegal profits of co-infringers).

## II. *Alleged Mitigation*

Defendants request this court to limit Kleier's recovery because it has already received license fees from other infringers. However characterized—either as "mitigation" (defendants' preferred description) or as a "setoff"—this request would emasculate the policies furthered by the 1976 Act.

To reiterate, the Act recognizes the distinct purposes served by awarding both damages and profits:

> Damages are awarded to compensate the copyright owner for losses from the infringement, and profits are awarded to prevent the infringer from unfairly benefiting from a wrongful act.

H.R.Rep. 1476, 94th Cong., 2d Sess. 161, *reprinted in* 1976 U.S.Code Cong. & Admin.News 5777. Prior payment by others not presently before this court appears quite irrelevant to these interests respecting the defendants present here.

First, these defendants avoided the costs of legitimately acquiring Kleier's services. These "saved acquisition costs," *see Deltak, supra,* at 363, represent a fee that Kleier would have received but for the stipulated infringements. Accordingly, Kleier is entitled to this amount, notwithstanding the receipt of license fees from other defendants. Consequently, the first interest furthered by the 1976 Act—compensation—demands payment by Miller Chevrolet and Whiteco. Second, the Act also proscribes the "unjust enrichment" of infringers. *See* 17 U.S.C.A. § 504(b). That Kleier has already collected license fees from other distributors or, for that matter, that it may well have fared better because of the infringements than it ever could have if defendants had been more attentive

to the copyright laws, seems fortuitous. Those infringers were disgorged of their profits earlier and the defendants here should not benefit from that fortuity; they too have illegitimately infringed Kleier's copyright and therefore the benefits they derived must be disgorged. Put succinctly, the Act compels the assessment of both saved acquisition costs and defendants' profits, without regard to the actions of other infringers.

## CONCLUSION

For the foregoing reasons, plaintiff's motion *in limine* is granted.